PENNIMAN and PARMELEE *vs.* LŸMAN PATCHIN.

Questions of law, once decided in this court in any cause, are no longer open for discussion in that cause.

When an award is offered in evidence, which the parties thereto have adopted and acquiesced in, it is not competent for a third person to impeach it, as not following the submission; nor can the validity of the award be impugned by such person.

The conversation between the party and a third person cannot be given in evidence by that party, unless it is part of a transaction already in evidence.

This was an action of assumpsit for money had and received. Plea, non-assumpsit.

The plaintiffs, to prove the issue on their part, offered in testimony the award of William Henry, Buckley Squires, and John Norton, arbitrators in a matter between Daniel Church, on a suit in chancery, brought by said Daniel in favor of plaintiffs and against Thomas Brownell; said award dated November 6th, 1830, and awarding one hundred and one dollars and eighty-five cents, to be paid by Brownell to Daniel Church for plaintiffs; to the admission of which the defendant objected without showing the submission, the plaintiffs having first proved by William Henry that the award was made and signed by him and the other arbitrators.

The defendant also objected to the admission of the award, on the ground that it created no legal liability in Brownell to pay said award to plaintiffs, but that Brownell was directed by said award to pay the same to Church for plaintiffs, and that plaintiffs could not maintain an action on said award against Brownell, and that defendant's liability could be no greater than Brownell's; and also, that the award is not mutual, and therefore void.

But the court overruled the objections and admitted the award to be read to the jury.

The plaintiffs called on M. L. Bennett, who testified that sometime in April or May he received directions from plaintiffs to call on Church for their demand against Thomas Brownell. He did so call on Church and notified him, sometime in April or May, 1830, to deliver to him the papers, &c. in said case, and that his authority as attorney in said case had ceased in said matter. He also testified, that, having learnt that the award was made and the amount paid to the defendant, he, as attorney for the plaintiff, called on defendant and demanded the amount thereof before this suit was commenced.

Bennington,
  *February*,
   1834.
  ───────
Penniman et al.
    *vs.*
  Patchin.

'The defendant offered Blackman E. Brownell to prove that Patchin, at the time the bargain was made between him and Thomas Brownell, brought the award to Brownell and told him Church wanted some money and wished him to pay the amount; which Brownell objected to, and said the award was too large, but if Church would deduct twenty-five dollars from the amount, he would then pay fifty dollars to Patchin to pay to Church; and if Patchin would advance the balance due on said award, he would pay him in a few days;—that Patchin agreed to it, and also agreed to return the fifty dollars to Brownell, if Church did not agree to it:—which testimony was objected to by the plaintiff, and by the court rejected.

The defendant requested the court to charge the jury, that if the authority of Church, as attorney for Penniman and Parmelee, was revoked and countermanded, as before stated, that said award was void and created no liability in Brownell to Penniman and Parmelee, and that said award was void. But the court refused so to charge the jury, but charged them that the award was not void, and that the plaintiffs might have and maintain an action against Brownell to recover the amount of said award; and if the jury believed from the evidence, that the defendant had received of the said Brownell the amount of said award, on the assignment of Church appearing on the award produced, as Church had no authority to make such assignment, it was received for the use of the plaintiffs, and they might maintain an action therefor against the defendant.

The jury returned a verdict for the plaintiffs; to which decision of the court and charge to the jury, the defendant excepted.

Exceptions being allowed and certified, the cause was passed to this court for further adjudication.

*Bennett for plaintiffs.*
*Blackmer for defendant.*

The opinion of the court was pronounced by

Williams, Ch. J.—Of some or most of the questions which appear in this case, it is sufficient to say, that they were examined and decided at the last term, and are no longer open for discussion in this case.   Some other objections have been urged against the award which was made between the plaintiffs and Brownell, as that it did not follow the submission.   But it is

difficult to see of what consequence this is to the defendant. BENNINGTON, February, 1834. This was a question which the parties to the award might litigate if they were so disposed. But if the plaintiffs were willing to accept of it, and Brownell did accede to it and pay the same, this defendant cannot set them quarrelling upon a subject on which they are disposed to be at peace. The same may be said of the objection founded on the supposed revocation of the authority of Church. If the plaintiffs were willing to adopt the award as settling the claims or controversies between them and Brownell, the defendant has no right to object, nor is he injured by this act. If the award was void and had been repudiated by the plaintiffs, as the defendant had received the amount of Brownell, he must have repaid it to him, and the plaintiff could have called on Brownell. But as the plaintiffs were willing to abide by the award, and adopt the act of Church in this particular as their own, their controversy with Brownell was adjusted, and they were entitled to receive their money of Brownell, or of any one who had received it of Brownell under an authority not derived from them. The testimony of Blackmer E. Brownell, which was rejected, was only as to a conversation between Brownell and the defendant, Patchin. It is claimed as a part of the *res gesta*, but of what transaction affecting the plaintiff, I cannot perceive. It was clearly *res inter alios acta*, in no way affecting the plaintiffs. The defendant is charged as having received the amount of an award assigned to him by a person not authorized. This appears in writing under the hand of Church the attorney, who attempted to assign the same, and the receipt of the defendant affixed thereto. The effect of this could not be varied or altered by any conversation between the defendant and Brownell. What he said to Brownell, or what inducements he held out to him, cannot change the character in which he actually received the money, or show that it was not by virtue of an assignment of Church, who had no authority to make the same.

The judgment of the county court is therefore affirmed.